Rena Susan SANDERS, Plaintiff–
Appellant,

v.

NEW YORK CITY DEPARTMENT OF
HOUSING PRESERVATION AND
DEVELOPMENT, New York City De-
partment of City Wide Administrative
Services, Division of City Wide Per-
sonnel Services, Defendants–Appel-
lees.

No. 10–4435–cv.

United States Court of Appeals,
Second Circuit.

March 6, 2012.

Rena Susan Sanders, pro se, Fort Lee, NJ, for Plaintiff–Appellant.

Ronald Emanuel Sternberg, New York City Law Department, New York, NY, for Defendants–Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, GUIDO CALABRESI, and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Appellant Rena Susan Sanders, appeals the district court's grant of summary judgment dismissing her employment discrimination complaint, and the district court's denial of her motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**2**

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). Additionally, we review for abuse of discretion a district court order denying reconsideration. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998).

Upon such review, we conclude that Sanders's appeal is without merit substantially for the reasons articulated by the district court in its decision and orders. *See Sanders v. N.Y.C. Dep't of Hous. Pres. and Dev.*, No. 09–cv–4054, 2010 WL 3025651 (S.D.N.Y. July 28, 2010) and (Oct. 8, 2010). Specifically as to the due process claim, the Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Sanders was not deprived of her due process rights, as she had a pre-termination hearing, there was a procedure for reinstatement while she was on her leave of absence, and the defendants provided her with sufficient documentation as to why she had been placed on her leave of absence. *See O'Neill v. City of Auburn*, 23 F.3d 685, 688 (2d Cir.1994). We have considered all of Sanders's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**